## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| 251 HIGH STREET HIGHWOOD LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 889 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | Judge Charles P. Kocoras |
| individually, and as trustee for the Mastr | ) | |
| Adjustable Rate Mortgages Trust 3007-3 | ) | |
| Mortgage Pass-Through Certificates Series | ) | |
| 2007-3, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant U.S. Bank National Association's ("U.S. Bank")

motion to dismiss Plaintiff 251 High Street Highwood LLC's ("251 Highwood LLC")

First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the Court will deny the motion.

## STATEMENT

For the purposes of this motion, the Court accepts as true the following facts

from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

All reasonable inferences are drawn in Plaintiff's favor. *League of Women Voters of*

*Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff 251 Highwood LLC is an Illinois limited liability company that owns the property at 251 High Street, Highwood, Illinois (the "Subject Property"). 251 Highwood LLC was registered three weeks prior to the purchase of the Subject Property. Defendant U.S. Bank is a Delaware corporation with a principal place of business in Minneapolis, Minnesota. U.S. Bank is one of the largest banking and financial institutions in the United States.

The Subject Property is a parcel of land with a two-story duplex residential building. 251 Highwood LLC purchased the Subject Property from U.S. Bank on November 29, 2018, for $137,750.

In August 2017, the City of Highwood Building Department issued a number of code violations relating to the condition of the Subject Property. On September 11, 2018, over two months prior to the sale of the Subject Property, the City of Highwood issued a 15-day Notice to Demolish or Repair the Subject Property (the "15-Day Notice"). The 15 Day Notice stated that the owner of the Subject Property must demolish the unsafe structure or put it into safe condition within 15 days or the City shall proceed with legal action to do so. It was allegedly served via certified and regular U.S. mail on five different persons or entities, including U.S. Bank.

U.S. Bank allegedly did not disclose the existence of the 15-Day Notice to 251 Highwood LLC in the course of completing the sale of the Subject Property. 251 Highwood LLC alleges that the Illinois Real Estate Disclosure Act, 765 ILCS § 77/1

2

("Disclosure Act"), and common law imposed a duty on U.S. Bank to disclose knowledge of the 15-Day Notice. 251 Highwood LLC alleges that U.S. Bank received the 15-Day Notice and deliberately concealed that knowledge to induce Plaintiff to purchase the Subject Property. 251 Highwood LLC allegedly relied upon such representation when completing the purchase of the Subject Property on November 29, 2018.

The City of Highwood filed a Verified Complaint for Demolition, Injunctive and Other Relief against the Subject Property on December 21, 2018, about a month after closing. U.S. Bank was named as the defendant in that suit. In April 2019, the City of Highwood amended its lawsuit and named 251 Highwood LLC as a party defendant because they became owners of the property. The litigation in that lawsuit is still pending.

251 Highwood LLC alleges that, as a result of the alleged fraudulent misrepresentation, total damages are in excess of $200,000 consisting of the $137,500 purchase of the Subject Property that cannot be used, associated costs and fees, and attorney's fees related to litigation filed by the City of Highwood. To recover its losses, Plaintiff filed this lawsuit in the Circuit Court of Lake County, Illinois. The case was removed to this Court under 28 U.S.C. §§ 1332 and 1441 on February 7, 2020.

On June 30, 2020, Plaintiff filed its one count FAC, alleging a claim of common law fraud. On July 13, 2020, U.S. Bank moved to dismiss the FAC under Rule 12(b)(6), urging the Court to dismiss the sole claim.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the… claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

When claiming fraud, a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other

conditions a person's mind may be alleged generally." The requirement that fraud be pled with particularity "ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations." *Pirelli Armstrong Tire Corp. Retiree Med. Ben Trust v. Walgreen Co.*, 631 F.3d 436, 439 (7th Cir. 2011). This requirement is not rigid, and what must be alleged will vary depending on the facts of the case. *Id.* at 442. The heightened pleading standard applies to all allegations of fraud (such as misrepresentation), not merely claims labeled fraud. *Id.* at 447.

To state a claim of common law fraud under Illinois law, the plaintiff must allege that (1) a false representation of material fact was made; (2) the defendant knew the representation to be false; (3) the defendant intended the representation to induce the plaintiff to act; (4) the plaintiff relied on the truthfulness of the representation; and (5) damages resulted from the reliance on the representation. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (citing *Dloogatch v. Brincat*, 396 Ill. App. 3d 842, 847 (1st Dist. 2009)). Additionally, the defendant must have been under a duty to disclose the information. *Weidner v. Karlin*, 402 Ill. App. 3d 1084, 1087 (3d Dist. 2010).

U.S. Bank first argues that it did not have a duty to disclose the alleged zoning violations. We disagree.

U.S. Banks' duty to disclose arises under the Disclosure Act. "The Act provides, without exception, that it does not limit or modify any duty to disclose information in

5

order to avoid liability for fraud." *Rolando v. Pence*, 331 Ill. App. 3d 40, 45-46 (2nd

Dist. 2002). "Thus, section 45 [of the Disclosure Act] allows plaintiffs to seek recovery

for fraudulent misrepresentation based solely on a disclosure made pursuant to the Act."

*Id.*

251 Highwood LLC alleges that U.S. Bank did not disclose the alleged zoning

violations in its Residential Real Property Disclosure Report made under the Disclosure

Act. 251 Highwood LLC's claim may rely solely on U.S. Bank's alleged material made

in the disclosure report even though its claims are not brought under the Disclosure Act.

*CNA Ins. Co v. DiPaulo*, 342 Ill. App. 3d 440, 443 (1st Dist. 2003) (citing *Rolando*,

331 Ill. App. 3d at 42). Accordingly, 251 Highwood LLC has plausibly alleged U.S.

Bank had a duty to disclose the zoning violations.

U.S. Bank next argues that 251 Highwood LLC fails to plausibly allege that U.S.

Bank had actual knowledge of the zoning violations. We disagree. The FAC states:

> The defendants were served with [the 15-Day Notice] by certified and
> regular U.S. Mail. . . . Therefore, prior to the closing of the sale of the
> Subject Property, defendants U.S. Bank, and U.S. Bank NA, as trustee,
> had actual knowledge that the City of Highwood had found numerous
> building code and other zoning violations and was seeking to have the
> building on the Subject Property demolished. Dkt. # 23, ¶¶ 13-14.

Additionally, 251 Highwood LLC attached to its complaint a service list from the City

of Highwood stating that U.S. Bank was served with the 15-Day Notice. Taking these

allegations as true, as we must at this stage of the litigation, 251 Highwood LLC

plausibly alleges that U.S. Bank had actual knowledge of the alleged zoning violations. Accordingly, the U.S. Bank's motion to dismiss is denied.

## **CONCLUSION**

For the reasons mentioned above, the Court denies U.S. Banks's motion to dismiss.  Status is set for 12/10/2020 at 10:30 a.m.  It is so ordered.

Dated: 11/5/2020

Charles P. Kocoras
United States District Judge